UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AV LIQUIDATORS II, LLC., and SAGE-POPOVICH, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:17 CV 197 ) |
| LEARJET, INC., | ) ) |
| Defendant. | ) |

## OPINION and ORDER

This matter comes before the court on defendant Learjet, Inc.'s motion to dismiss for lack of jurisdiction. (DE # 11.) For the reasons set forth below, defendant's motion is granted and the amended complaint (DE # 14) is dismissed.

### I. BACKGROUND

Plaintiff AV Liquidators II, LLC ("AV Liquidators"), is an Indiana company with its principle place of business in Valparaiso, Indiana. (DE # 14 at 1.) AV Liquidators sells and loans aircraft parts. (*Id.*) Plaintiff Sage-Popovich, Inc. ("Sage-Popovich") is an Indiana corporation with its principle place of business in Valparaiso, Indiana. (*Id.*) Sage-Popovich is an aviation consulting firm that oversees aircraft repairs and accident investigations. (*Id.*) Defendant Learjet, Inc. ("Learjet") is a Kansas corporation with its principle place of business in Kansas. (DE # 12 at 2.) Learjet operates aircraft repair stations throughout the United States. (DE # 14 at 2.)

In March 2015, Sage-Popovich was hired to oversee the accident investigation and repair of an aircraft in Marco Island, Florida. (*Id.* at 2-3.) Learjet operated an aircraft

repair station in Fort Lauderdale, Florida, and Sage-Popovich authorized Learjet to perform an inspection on the aircraft. (*Id.* at 3.) As part of the inspection, Sage-Popovich borrowed "loaner brakes" from Ship It AOG - an entity in a joint venture relationship with AV Liquidators - to test the brake pressure. (*Id.*) According to plaintiffs, the loaner brakes were damaged during the course of the post-accident investigation. (*Id.*) After the brakes were returned to Ship It AOG, Ship It AOG sent Sage-Popovich an invoice itemizing the damage caused to the loaner brakes. (*Id.*) Plaintiffs explain that AV Liquidators paid the invoice because it had coordinated Learjet's use of the brakes. (*Id.*)

Plaintiffs' complaint alleges one count of failure to pay for property damage. Plaintiffs argue that this court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (DE # 14 at 1.) Defendant argues that plaintiffs' complaint must be dismissed for lack of subject-matter jurisdiction, personal jurisdiction, and standing. (DE # 11 at 1.) However, because this court finds that it lacks subject-matter jurisdiction, the alternative bases identified in the motion to dismiss need not be addressed. *See Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998) ("Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) asserts that the court lacks jurisdiction over the subject matter. A Rule 12(b)(1) motion can present

2

either a facial or factual challenge to subject-matter jurisdiction. *Apex Digital, Inc. V. Sears, Roebucks & Co.*, 572 F.3d 440 (7th Cir. 2009). A facial attack is a challenge to the sufficiency of the pleading itself. *Id*. When such a challenge has been presented, the court takes all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Conversely, where there is a factual challenge to subject-matter jurisdiction, "the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999) (internal quotation marks and citation omitted).

### III.    ANALYSIS

Defendant argues that plaintiffs' case must be dismissed for want of subject-matter jurisdiction because plaintiffs have failed to satisfy the amount in controversy requirement necessary to establish diversity jurisdiction. In lieu of filing a response brief, plaintiffs filed an amended complaint within the prescribed time-frame. *See* Fed. R. Civ. P. 15(a)(1)(B). Defendant filed a reply, contending that the amended complaint suffers the same deficiencies as the original and must be dismissed. (DE # 17.) Defendant's initial motion presented a facial challenge to the court's subject-matter jurisdiction, arguing that plaintiffs failed to plead damages satisfying the amount in controversy required by 28 U.S.C. § 1332. Plaintiffs' amended complaint fixed this facial defect by adding a claim for damages relating to shipping costs. In the reply, defendant

3

presented a factual challenge to the amount in controversy; challenging both the existence of the shipping charges, as well as the relevance of the charges to plaintiffs' alleged damages in this case. (DE # 17 at 2 ("[T]he alleged shipping charges would have been incurred by Plaintiffs regardless of any damage to the brakes and are not a proper element of Plaintiffs' claim.").)

The amount in controversy requirement is set forth in 28 U.S.C. § 1332 as follows: "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "If uncontested, the courts will accept the plaintiff's good faith allegation of the amount in controversy unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995) (internal quotation omitted). Where the amount in controversy is contested, however, the plaintiffs bear the burden of establishing that subject-matter jurisdiction is proper by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006). To satisfy this burden, a party must do more than "point to the theoretical availability of certain categories of damages." *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (internal quotation marks and citation omitted). Rather, the "plaintiff must support its assertion with 'competent proof.'" *Id.* (*quoting Rexford Rand Corp.,* 58 F.3d at 1218). Acceptable forms of proof include documentary or testimonial evidence of damages, or factual examples from the immediate case and cases similar to the immediate case. *McMillian,*

4

567 F.3d at 844. However, "uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian*, 441 F.3d at 543.

Here, plaintiffs rely solely on their amended complaint to establish that they can satisfy the amount in controversy requirement. Attached to the amended complaint is an invoice sent from Ship It AOG to Sage-Popovich demanding payment for the damaged brakes in the amount of $74,954.92. (DE # 14-1.) To meet the amount in controversy threshold, plaintiffs also added an allegation in their amended complaint asserting that, "[i]n addition to the damages recited on [the invoice], Plaintiffs incurred shipping charges of $865.69 and $726.46." (DE # 14 at 4.) Plaintiffs did not provide any evidence to support the alleged shipping charges.

Plaintiffs have not met their burden of establishing damages that satisfy the amount in controversy. Plaintiffs' addition of the alleged shipping charges - without any additional supporting evidence - is not enough to survive defendant's factual challenge to the amount in controversy. *See Davis v. LeClair Ryan, P.C.*, 363 F. App'x 395, 396 (7th Cir. 2010) (where a defendant has challenged the alleged amount in controversy, "the plaintiff cannot merely rest on his complaint alone but must establish that he has satisfied the jurisdictional threshold by a preponderance of the evidence"); *McMillian*, 567 F.3d at 845 ("when the amount in controversy is contested, the parties asserting federal jurisdiction must come forward with competent proof that they have satisfied the jurisdictional threshold" and may not simply rely on the allegations

contained in the complaint). Plaintiffs have not satisfied this burden here, where they rely exclusively on the allegations contained in their amended complaint.

Plaintiffs also failed to establish that the shipping charges are related to defendant's alleged property damage. On the face of plaintiffs' pleadings, it appears that the brakes would have been shipped to and from the repair facility in any event. Defendant's alleged property damage was not related to these charges. Plaintiffs may not use unrelated costs to satisfy jurisdictional requirements. *See Remijas v. Neiman Marcus Grp.*, LLC., 794 F.3d 688, 691–92 (7th Cir. 2015) (a litigant only has standing to pursue relief from an injury that is concrete and particularized, and fairly traceable to the defendant's conduct). Thus, plaintiffs have only established $74,954.92 in alleged damages, and have failed to meet the amount in controversy requirement. This court may not exercise diversity jurisdiction in this case.

Moreover, even if plaintiffs could establish that the shipping charges are damages related to this case, the amended complaint would nevertheless fail to meet the amount in controversy requirement because plaintiffs may not aggregate their claims to meet the jurisdictional threshold. To meet the amount-in-controversy requirement, "the separate claims of multiple plaintiffs against a single defendant cannot be aggregated." *Clark v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 711 (7th Cir. 2007). "[T]he most relevant exception to the general rule against aggregation is that the claims of co-parties may be added together when they have a 'common and undivided interest' in a 'single title or right.'" *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 718 (7th Cir.

6

2012) (internal quotation omitted). "[I]nterests are 'common and undivided' only if 'each claim (1) is part of a 'common fund' and (2) could not be adjudicated on an individual basis without affecting the interests of the other claimants.'" *Saskatchewan Mut. Ins. Co. v. CE Design, Ltd.*, 865 F.3d 537, 543 (7th Cir. 2017) (internal quotation omitted).

"The existence of a 'common fund' depends on the 'nature of the right asserted, not whether successful vindication of the right will lead to a single pool of money that will be allocated among the plaintiffs.'" *Good*, 689 F.3d at 722 (internal quotations omitted). "[A] common fund exists when 'plaintiffs share[ ] a preexisting (pre-litigation) interest in the subject of the litigation.'" *Id.* (internal quotations omitted). For example, "where there is a 'single indivisible res, such as an estate' or 'a piece of property (the classic example),' it makes sense to think of co-parties' claims to the res as 'common and undivided.'" *Id.* at 719-20 (internal quotations omitted). On the other hand, "where the plaintiffs' claims are 'cognizable, calculable, and correctable individually,' . . . they are clearly 'separate and distinct' and may not be aggregated to meet the amount in controversy." *Id.* at 720 (internal quotations omitted).

In this case, plaintiffs do not have a common and undivided claim to compensation for the alleged property damage. The invoice for the damaged brakes was sent to Sage-Popovich. (DE # 14 at 4.) However, the invoice was *paid* by AV Liquidators. (*Id.*) Thus, while plaintiffs conclude that "Learjet owes AV Liquidators for the damage" they fail to explain how Sage-Popovich, a separate legal entity, has a

common interest in the money allegedly owed to AV Liquidators. It was plaintiffs' burden to explain why their damages claim may properly be aggregated to satisfy the amount in controversy requirement. They failed to do so, despite ample time to respond. Defendant file a reply on July 14, 2017, challenging the relatedness of the charges, the aggregation of the charges, and the actual existence of the shipping charges. (DE # 17 at 2.) In the intervening five months since defendant filed the reply, plaintiffs have filed nothing further in this case. "The court need not bend over backwards to construct alternative theories to persuade itself that subject matter jurisdiction exists . . . ." *Good*, 689 F.3d at 718 (noting that a party who failed to address the question of aggregation of claims did so "at its peril"). Because this court lacks subject-matter jurisdiction, this case must be dismissed.

IV. **CONCLUSION**

For these reasons, defendant's motion to dismiss (DE # 11) is **GRANTED** and the amended complaint (DE # 14) is **DISMISSED**.

**SO ORDERED.**

Date: December 8, 2017

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT